**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ZACHERY T. MERRITT,
                    Appellant,

                    v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
SF-0752-16-0664-I-1

DATE: April 13, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James M. Hackett, Esquire, Fairbanks, Alaska, for the appellant.

Emily L. Macey, Esquire, Fort Wainwright, Alaska, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petition has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The agency removed the appellant from his position as a Police Officer based on multiple charges of misconduct.  Initial Appeal File (IAF), Tab 9 at 15-19.  On April 25, 2016, he received a copy of the agency's decision removing him from service, effective May 11, 2016.  IAF, Tab 1 at 31, Tab 9 at 15.  In the removal decision letter, the agency informed the appellant that he could challenge his removal by filing a direct appeal with the Board or, depending on the nature of his claims, appeal to the Board after filing either a mixed-case equal employment opportunity (EEO) complaint with the agency or a whistleblower reprisal complaint with the Office of Special Counsel.  IAF, Tab 9 at 15-18.  The removal decision did not inform the appellant of his right to file a union grievance.  *Id.*

¶3 On the day that the appellant received the removal decision, the local union president was acting as his union representative.  IAF, Tab 1 at 31, Tab 6 at 12. He told the appellant that the union already had started the appeal process and that he would be contacted by the union attorney assigned to represent him.  IAF,

Tab 1 at 32. In addition, on May 3, 2016, the union president contacted the agency about convening a Joint Resolution Panel (JRP) on the appellant's removal. IAF, Tab 10, Subtab 3 at 2. A JRP is part of the grievance process under the applicable collective bargaining agreement (CBA). *Id.*, Subtab 2 at 32. The agency agreed to hold a JRP but advised the union president that "doing so [would] prevent the employee from exercising [his] statutory appeal rights." *Id.*, Subtab 3 at 7-8. The union elected not to proceed with the JRP. *Id.*, Subtab 1 at 9; IAF, Tab 10 at 127-28.

¶4 The appellant was never contacted by the union attorney regarding filing a Board appeal. IAF, Tab 1 at 33. The union president also effectively ignored the appellant's numerous attempts to reach him until July 29, 2016, when the union president first informed the appellant that the union in fact had not filed a Board appeal. *Id.* at 76. The appellant filed his appeal with the Board on the same day. IAF, Tab 1. The administrative judge issued an order informing the appellant that his appeal was filed approximately 49 days late, based on a filing period beginning on May 11, 2016, the effective date of his removal. IAF, Tab 2 at 2. The administrative judge ordered the appellant to submit evidence and argument proving by preponderant evidence that he either filed a timely appeal or that he had good cause for his untimely filing. *Id.* at 3. Both parties submitted argument and evidence on the timeliness issue. IAF, Tab 6 at 10-13, Tabs 8, 10.

¶5 Without holding the requested hearing, the administrative judge issued an initial decision in which he found that the Board has jurisdiction over the appeal but that it was untimely filed without good cause because the appellant did not show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. IAF, Tab 13, Initial Decision (ID) at 1, 4-10.[3] Specifically, he found that the appellant received written notice on April 25,

---

[3] The administrative judge found no factual dispute on the timeliness issue that warranted a hearing. ID at 10.

2016, that he would be removed effective May 11, 2016, and therefore his appeal was due no later than 30 days after May 11, 2016, i.e., by June 10, 2016. ID at 6.

¶6 The administrative judge also found that the union president never filed a grievance on the appellant's behalf, reasoning that the president never finalized the request for a JRP. ID at 5. In any event, the administrative judge concluded that the appellant was not bound by any election to file a grievance because the agency's decision letter failed to inform him of the preclusive effect of doing so. *Id.* The administrative judge determined that the appellant filed his appeal on July 29, 2016, which was 49 days late. *Id.* He further found that the appellant did not exercise due diligence or ordinary prudence in filing his appeal, even considering his unsuccessful attempts to contact his union representative, because he allowed the deadline for filing his appeal to lapse without confirming that his union representative had filed an appeal. ID at 8-9. Having found that the appellant did not meet his burden of proving good cause for his filing delay, the administrative judge dismissed the appeal as untimely filed. ID at 6-10.

¶7 The appellant has filed a petition for review disagreeing with the administrative judge's finding that the appellant failed to prove that he had good cause for his filing delay. Petition for Review (PFR) File, Tab 1 at 19-27. He argues, in the alternative, that he did not make a valid and binding election to file a Board appeal. *Id.* at 19, 21-24. He also reiterates his affirmative defenses. *Id.* at 7-8 & n.10, 10-19, 22-23. The agency has filed a response the appellant's petition, and the appellant has filed a reply. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly found that the appellant elected to pursue a
Board appeal.

¶8 Below, the appellant disavowed any grievance filed by the union, stating that he was unaware that the union ever requested a JRP and that he "wish[ed] to pursue [his] appeal with the . . . Board." IAF, Tab 10 at 128-29. According to the appellant, he "consider[ed] [his] July 29, 2016 Notice of Appeal to the Board

to be [his] individual election to pursue [his] appellate rights before the Board and not to proceed individually under the CBA." *Id.* at 129.

¶9      The administrative judge found in the appellant's favor, reasoning that the union "never finalized or acted upon" the JRP request. ID at 5. Therefore, the administrative judge found that the appellant was not precluded from pursuing his subsequent Board appeal of his removal. *Id.*; *see* 5 U.S.C. § 7121(d) (providing that an employee makes his election of forum in connection with an appealable matter that he alleges resulted from discrimination when he timely files in that forum); *Goodwin v. Department of Transportation*, 106 M.S.P.R. 520, ¶¶ 19-20 (2007) (explaining that pursuant to 5 U.S.C. § 7121(d), an employee who alleges that his removal was the result of prohibited discrimination may file a grievance through negotiated grievance procedures, a direct appeal to the Board, or an EEO complaint followed by a Board appeal). We agree.[4]  IAF, Tab 10, Subtab 1 at 5-9, Subtab 3 at 7-8.

¶10     On review, the appellant asserts that he made a valid election to pursue a grievance when his union representative requested a JRP. PFR File, Tab 1 at 9-10, 21-22. He claims, in conflict with his earlier denial of knowledge of the JRP request, that the union president "assured [him] the union was grieving and pursuing [the] removal action under the CBA." *Id.* at 22. We find that the appellant's assertion on this issue is prohibited by judicial estoppel.[5]

---

[4] The administrative judge alternatively found that the grievance election was not binding because the agency failed to provide proper notice of the grievance option. ID at 5 (citing *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 15 (2013) (observing that an election of forum for matters arising under 5 U.S.C. § 7121(d) and (e) is not valid if an agency fails to provide proper notice of an employee's avenues of recourse)). Because we agree with the administrative judge's finding that the union president did not finalize his request for a JRP regarding the appellant's removal, we do not reach this alternative finding.

[5] Further, the factual claims in the petition for review are made by the appellant's attorney and thus do not constitute evidence. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 6 n.1 (2014) (observing that the statements of a party's representative in a pleading do not constitute evidence).

¶11     Under the doctrine of judicial estoppel, a party cannot prevail before the Board on review on an argument that contradicts one he successfully presented below to the administrative judge. *Doe v. Department of Justice*, 123 M.S.P.R. 90, ¶¶ 11-12 (2015). The decision of whether to apply judicial estoppel lies within the Board's discretion. *Id.*, ¶ 11. Although the test for judicial estoppel is "not reducible to any general formulation of principle," three factors are generally relevant: (1) a party's later position must be clearly inconsistent with the same party's prior position; (2) in the earlier proceeding, the party was successful in persuading the adjudicating body of his position, such that "judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled'"; and (3) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) (citations omitted)). The purpose of the doctrine is to protect the integrity of the adjudicative process. *Id.* The appellant's position on review that he wishes to, and did, pursue a grievance remedy is inconsistent with his prior position that he elected to pursue his Board remedy. Further, the appellant was successful in persuading the administrative judge that he did not file a grievance and thus that his Board appeal was not precluded. ID at 5. Finally, the appellant seeks an unfair advantage against the agency in pursuing his new argument; specifically, he wishes to challenge his removal in the EEO process after already electing to do so before the Board. *See* 5 U.S.C. § 7121(d); PFR File, Tab 1 at 19, 21-23, 29. Therefore, we find that the appellant is judicially estopped from taking the position that he elected to challenge his removal in the grievance process.

¶12     The appellant also argues that his election to file an appeal was invalid because the agency incorrectly informed him that he had 45 days to file an EEO complaint. PFR File, Tab 1 at 17-24. He argues the period for filing an EEO complaint is 30 days, citing 5 C.F.R. § 1201.154(a). *Id.* at 17-19. While a 30-day

time period is discussed in section 1201.154(a), it is the period for filing a Board appeal in cases, such as this one, in which an appellant alleges prohibited discrimination. 5 C.F.R. § 1201.154(a).

¶13    In contrast, the time period for filing an EEO complaint is governed by the Equal Employment Opportunity Commission's regulations.  Those regulations permit an employee to initiate contact with an EEO counselor at any time within 45 days of the removal decision.  *See* 29 C.F.R. §§ 1614.105(a)(1) (providing that an individual who wishes to file an EEO complaint must first "initiate contact with a Counselor within 45 days of the . . . effective date of the [personnel] action"), 1614.302(d) (providing that agencies are to process mixed-case complaints consistent with other EEO matters, with exceptions not applicable here).  Thus, the agency's notice was correct in informing the appellant that he had 45 days to contact an EEO counselor.  IAF, Tab 9 at 17.

The appellant failed to establish good cause for the untimely filing of his appeal.

¶14    The parties do not dispute the administrative judge's finding that the appeal was untimely filed, and we decline to disturb this finding on review.[6]  PFR File, Tab 1 at 6, 29, Tab 3 at 13; ID at 5-6.  Instead, the appellant argues that the administrative judge erred in declining to find good cause for his untimeliness. ID at 6-10; PFR File, Tab 1 at 29.  For the reasons explained below, we disagree.

¶15    To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the

---

[6] On review, the appellant refers to a 47-day filing delay but does not provide any evidence or argument that the filing delay was 47 days, rather than 49 days, as determined by the administrative judge.  PFR File, Tab 1 at 20.  To the extent that the appellant is arguing that the administrative judge did not properly calculate the length of the filing delay, we disagree.  ID at 5-6; IAF, Tab 1, Tab 9 at 15; *see* 5 C.F.R. §§ 1201.23 (explaining how the Board calculates time periods for complying with any deadline), 1201.154(a) (setting forth the applicable time limit for filing a mixed-case appeal).

Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune, which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd per curiam*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶16    We discern no error in the administrative judge's finding that the appeal was untimely filed without good cause shown. Contrary to the appellant's arguments on review, the administrative judge correctly applied the *Moorman* factors. PFR File, Tab 1 at 24-29; ID at 6-10. We agree with the administrative judge's finding that the 49-day filing delay is not minimal, the appellant was not acting pro se, and he did not act reasonably and with due diligence in relying on his union to file his appeal without being contacted by a union attorney or verifying that the appeal was filed. ID at 7-10; *see Robinson v. Office of Personnel Management*, 85 M.S.P.R. 589, ¶¶ 5-6 (2000) (finding that an approximately 30-day delay in filing a petition was not minimal and that the appellant's asserted financial difficulties and attempts to secure counsel were not good cause for his filing delay).

¶17    On review, the appellant again asks the Board to excuse his untimely appeal because he relied on his union representative's false representation that the union would appeal his removal. IAF, Tab 1 at 25-26, 34; PFR File, Tab 1 at 25-26. The administrative judge properly found that the appellant could not have reasonably believed that a Board appeal was filed on his behalf because he was never contacted by a union attorney as promised, and his union representative ignored his inquiries. ID at 9.

¶18    The failure by an appellant's attorney to timely file the appeal, in and of itself, does not constitute good cause for the delay because an appellant is responsible for the errors of his chosen representative. *Miller v. Department of*

*Homeland Security*, 110 M.S.P.R. 258, ¶ 11 (2008). A limited exception to this rule exists when an appellant has proven that his diligent efforts to prosecute his case were thwarted by his attorney's deception and negligence. *Id.* The exception is not applicable here, however, because the appellant did not personally monitor the progress of his appeal but instead left the matter entirely in the hands of his union representative. *Id.*, ¶¶ 12-13 (declining to find good cause for an appellant's untimely filed petition for review; although the appellant's attorney claimed to have timely filed the petition, he never provided the appellant with a copy despite the appellant's many requests, and the appellant did not make any inquiries at the Board regarding the status of his appeal until the deadline had passed); IAF, Tab 1 at 32-34. He has not shown that he personally took any action to confirm that an appeal had been filed on his behalf during the 46-day period between his receipt of the removal decision and the deadline for filing a Board appeal. ID at 9; IAF, Tab 1 at 31-34; *see Miller*, 110 M.S.P.R. 258, ¶ 13.

¶19 We further find that the appellant's arguments on review present no evidence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune, which similarly showed a causal relationship to his inability to timely file his appeal with the Board. *See Herring v. Merit Systems Protection* Board, 778 F.3d 1011, 1013 (Fed. Cir. 2015) (concluding that the Board abused its discretion in finding an appeal untimely when there was a 10-day delay in filing, but the appellant demonstrated significant circumstances beyond her control to timely file, such as her psychological conditions, delays in the receipt of her case-related documents attributable to a clerical error made by her attorney's office, and her attorney's "misleading and deceptive" assurances a few days before the deadline that the appeal would be filed, all of which undoubtedly affected her ability to monitor her attorney's compliance with the filing deadline); *Moorman*, 68 M.S.P.R. at 62-63. The appellant alleges that the union president "abruptly" ended the

April 25, 2016 meeting at which the appellant received the removal decision, the removal decision did not include specific notice regarding the JRP process, and the agency and union had unlawfully declined to grieve removals, including the appellant's. PFR File, Tab 1 at 24-27. These arguments fail. The appellant did not raise them below. *E.g.*, IAF, Tab 10;[7] *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (observing that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Further, he does not explain on review how the union president's conduct at the removal meeting, the alleged deficiencies in the removal decision, or the failure to grieve the removal contributed to his delay. PFR File, Tab 1 at 24-27.

¶20  Although the appellant argues that the administrative judge erred in failing to consider whether the agency was unduly prejudiced by the delay, we disagree. *Id.* at 27-29. Upon an appellant's showing of good cause for the untimely filing of his appeal, waiver of the filing deadline is appropriate absent a showing of substantial prejudice caused to the agency by the delay in filing. *Boyd v. Department of Veterans Affairs*, 111 M.S.P.R. 116, ¶ 12 (2009). Because the appellant did not show good cause, the administrative judge properly ended the inquiry without determining whether the agency would be prejudiced by the delay. ID at 10.

The appellant's remaining arguments on review do not show any error in the administrative judge's decision to dismiss this appeal as untimely filed without good cause.

¶21  The appellant makes additional arguments on review that are not relevant to the timeliness of his appeal, which is the dispositive issue before the Board on

---

[7] Although the appellant alleged below that the agency and the union had a history of not submitting removals to the JRP, he did so to argue that the CBA did not comply with the statutory requirements for grievance procedures at 5 U.S.C. § 7121. IAF, Tab 10 at 10-13.

review. PFR File, Tab 1 at 4-20. Because we find that the administrative judge properly dismissed this appeal as untimely filed, we do not address the appellant's remaining arguments regarding the union grievance process, the deficiencies in the agency's removal notice that do not relate to the filing of his Board appeal, and the merits of his allegations of prohibited personnel practices, harmful procedural error, and due process violations. *Id.*

¶22    Accordingly, we affirm the administrative judge's finding that the appellant untimely filed his appeal without good cause. ID at 4-10.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.